# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 05 2020, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone, IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Harrison, III, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 5, 2020 <br><br> Court of Appeals Case No. 19A-CR-1548 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Mark Dudley, Judge <br><br> Trial Court Cause Nos. 48C06-1611-FD-2293 48C06-1708-F3-1932 |

**Vaidik, Judge.**

# Case Summary

[1]     Joseph Harrison III and the State entered into a plea agreement under which the State agreed to recommend to the trial court that Harrison be sentenced to ten years executed in the Department of Correction but that the sentence be stayed pending his successful completion of Veterans' Court. The agreement also provided that if Harrison was terminated from Veterans' Court, then the stay on the sentence would be lifted and he would have to serve all ten years in the DOC.

[2]     The State later filed a request to terminate Harrison's participation in Veterans' Court based on, among other things, him being charged with new offenses. The trial court found that Harrison committed these new offenses and terminated him from Veterans' Court. The court did not ask for argument as to sanctions, because it found that its "hands [were] tied" by the plea agreement. Without any objection from Harrison, the court ordered him to serve all ten years in the DOC.

[3]     Harrison now appeals, arguing that the trial court had discretion to order him to serve less than ten years in the DOC despite the language of his plea agreement. Harrison, however, did not ask to present any mitigating evidence or argue that he shouldn't be ordered to serve all ten years in the DOC. Moreover, he does not tell us why the trial court should have sentenced him to less than ten years in the DOC. Accordingly, Harrison has not preserved this issue for review. We therefore affirm the trial court.

# Facts and Procedural History

[4]     In November 2016, the State charged Harrison with Class D felony nonsupport of a dependent and Level 6 felony nonsupport of a dependent in Cause Number 48C06-1611-FD-2293 ("FD-2293"). On July 24, 2017, Harrison pled guilty to both counts. One week later, on July 31, the trial court sentenced him to two years, with 54 days executed (time served) and the balance suspended to probation.

[5]     The next day, August 1, the State charged Harrison with Level 3 felony possession of methamphetamine, Level 6 felony maintaining a common nuisance, Level 6 felony unlawful possession of a syringe, and Class A misdemeanor possession of a controlled substance in Cause Number 48C06-1708-F3-1932 ("F3-1932").

[6]     In January 2018, the probation department filed a notice of probation violation in FD-2293, alleging that Harrison failed to report to the probation department, failed to pay probation fees, failed to pay child support, and failed to verify completion of vocational rehabilitation. Three months later, Harrison entered into a plea agreement covering both cause numbers. The agreement provides, in relevant part:

(3) Defendant shall plead guilty as charged in 1932 and admit the violations in 2293. Moreover, Defendant shall be evaluated for admission into Veterans Court[1] prior to sentencing.

(4) At the time of taking of the guilty plea, and again at the time of the Defendant's sentencing, the State will recommend as to the sentence to be imposed as follows:

If Defendant is admitted into Veterans Court, then this Court shall enter judgments of conviction and sentence Defendant to ten (10) years to be executed at [the DOC]. However, this Court shall stay that sentence to allow Defendant an opportunity to complete Veterans Court.

If Defendant is not admitted into Veterans Court, then this case shall be reset for trial. . . .

If Defendant graduates from Veterans Court, then the sentence shall be stayed permanently. If Defendant is terminated from Veterans Court, then the stay on the sentence shall be lifted, and his sentence, ten (10) years to be executed at [the DOC], shall be imposed.

Appellant's App. Vol. II pp. 133-34.

[7]     Thereafter, Harrison admitted to violating his probation in FD-2293 and pled guilty as charged in F3-1932. Harrison was sentenced in both cause numbers in

---

[1] "Veterans' Court" means "a problem solving court focused on addressing the needs of veterans in the court system by: (1) bringing together substance abuse rehabilitation professionals, mental health professionals, local social programs, and intensive judicial monitoring; and (2) linking eligible veterans to individually tailored programs or services." Ind. Code § 33-23-16-10.

June 2018. The trial court sentenced Harrison in FD-2293 to 1 year and 311 days of his previously suspended sentence and in F3-1932 to 8 years and 54 days. The court ordered the sentences to be served consecutively, for a total sentence of ten years, but then stayed the sentence "pending [Harrison's] successful completion of Veteran's Court." *Id.* at 73, 160. The court noted that if Harrison "is removed from Veteran's Court for any reason, the stay will be lifted and the sentence shall be executed" in the DOC. *Id.*

[8] Harrison was accepted into Veterans' Court and started in July 2018. On March 18, 2019, the State charged Harrison with Level 6 felony strangulation, Level 6 felony criminal confinement, and Class A misdemeanor domestic battery in Cause No. 48C06-1903-F6-655 ("F6-655").[2] On March 22, the probation department filed a request to terminate Harrison's participation in Veterans' Court in FD-2293 and F3-1932. The probation department alleged that Harrison (1) submitted a positive urine drug screen for methamphetamine in July 2018, (2) failed to report to Veterans' Court in July 2018, and (3) was charged with a new offense in F6-655. Then, on May 9, the State charged Harrison with Level 6 felony obstruction of justice and Class A misdemeanor invasion of privacy in Cause No. 48C06-1905-F6-1138 ("F6-1138").[3] The probation department filed an amended request to terminate Harrison's

---

[2] This case is still pending, with a jury trial scheduled for June 2020.

[3] This case is also still pending, with a jury trial likewise scheduled for June 2020.

participation in Veterans' Court, adding as a fourth reason that Harrison was charged with a new offense in F6-1138.

[9] Thereafter, an evidentiary hearing was held on the issue of Harrison's termination from Veterans' Court in FD-2293 and F3-1932. Harrison argued that the State did not prove that he committed the offenses in either F6-655 or F6-1138. The trial court found that the State did not meet its burden with respect to F6-1138 but that it proved by a preponderance of the evidence that Harrison committed the offenses in F6-655.[4] Tr. pp. 97-99. Accordingly, the court concluded that Harrison violated the conditions of Veterans' Court by committing a new offense and therefore was no longer eligible to participate in it. The court said that it was not "going to ask for argument" as to sanctions because its "hands [were] tied by [the] plea agreement." *Id.* at 101; *see also id.* at 97 ("I'm not going to ask him for argument about sanctions because it's, it's []either or. There is no room. And so we're only arguing about whether the State has met its burden of proof to either kick you out of Veteran's Court or leave you there, right?"). Without any objection from Harrison, the court lifted

---

[4] Harrison notes that the trial court's written order suggests that it found that he violated the conditions of Veterans' Court based on all four reasons listed in the amended request to terminate his participation in Veterans' Court. *See* Appellant's App. Vol. II pp. 32-33 ("Comes now the Court and finds Defendant violated the conditions of Veteran's Court as follows: 1) failed to comply with participation agreement as more fully set out in the Notice of Termination Request filed 5-29-19."). He highlights, however, that at the hearing, the court only found that he committed one of the four violations, that is, he committed the offenses in F6-655. Because the trial court found at the hearing that Harrison violated the conditions of Veterans' Court only by committing the offenses in F6-655, we find that the written order contains a scrivener's error. And because Harrison concedes that the evidence is sufficient to prove that he committed the offenses in F6-655, *see* Appellant's Br. p. 6, this scrivener's error is harmless.

the stay in FD-2293 and F3-1932 and ordered Harrison to serve all ten years in the DOC.

[10]     Harrison now appeals.

# Discussion and Decision

[11]     Harrison contends that the trial court "incorrectly believed that it had no option but to give the defendant the full sentence that had been stayed" in FD-2293 and F3-1932 and therefore erred in ordering him to serve all ten years in the DOC. Appellant's Br. p. 10. Citing *Woods v. State*, 892 N.E.2d 637 (Ind. 2008), Harrison claims that the trial court had discretion to order him to serve less than ten years in the DOC despite the language of his plea agreement and asks us to remand this case "with directions [for the trial court] to exercise its discretion." Appellant's Br. p. 7.

[12]     In *Woods*, the defendant was sentenced to twenty years, with five years executed and fifteen years suspended (with two years of probation). When the State filed a notice of probation violation, the State and the defendant entered into an agreement under which the defendant would be placed on "strict compliance" probation, meaning that any violation would "result in full backup of 15 years." *Id.* at 639. Thereafter, the State filed a second notice of probation violation, alleging that the defendant failed to report for drug testing, failed to report to the probation department, and failed to make a good-faith effort to pay court fees. At the revocation hearing, the State reminded the trial court that the

defendant faced fifteen years but that it had agreed to offer him twelve. The defendant then asked the court if he could explain "why [he] missed." *Id.* The court said why he missed didn't matter because he was on strict-compliance probation. The court sentenced the defendant to twelve years.

[13] On appeal, the defendant argued that the trial court's refusal to allow him the opportunity to explain why he violated the terms of his probation denied him due process. Our Supreme Court held:

> We acknowledge that telling a defendant that he is on "strict compliance" is a dramatic way of putting him on notice that he is on a short leash and has been given one final chance to "get his act together." Nonetheless due process requires that a defendant be given the opportunity to explain why even this final chance is deserving of further consideration.

*Id.* at 641. Nevertheless, the Court concluded that the defendant was "not entitled to any relief" because "[n]either on direct appeal nor on transfer . . . d[id he] make any attempt to explain why he violated the terms of his probation" and "[m]ore importantly, [he] did not make an offer of proof to the trial court," which is generally fatal to a claim. *Id.* at 641-42.

[14] Harrison is not entitled to relief under *Woods*. In *Woods*, the defendant asked to explain why he missed but was not entitled to any relief on appeal because he did not make an offer of proof in the trial court or make any attempt on appeal to explain why he violated the terms of his probation. Unlike the defendant in *Woods*, here Harrison did not even ask to present any mitigating evidence or argue that he shouldn't be ordered to serve all ten years in the DOC. Moreover,

he does not tell us why the trial court should have sentenced him to less than ten years in the DOC. *Cf. Sullivan v. State*, 56 N.E.3d 1157, 1162 (Ind. Ct. App. 2016) (reversing revocation of the defendant's community-corrections placement based on his violation of a "zero tolerance" provision given the evidence that the defendant presented at the revocation hearing that he was in the hospital when he failed to report to community corrections). Accordingly, Harrison has not preserved this issue for review. We therefore affirm the trial court.

[15] Affirmed.

Najam, J., and Tavitas, J., concur.